of the two hundred and fifty dollar limitation is to obviate the necessity for getting a large number of small creditors with their debts on the petition, often troublesome and sometimes impossible, and when that purpose fails by reason of the failure of the two hundred and fifty dollar creditor to represent one-third of the provable debts, the two hundred and fifty dollar provision fails altogether, and every two hundred and fifty dollar creditor sinks into a common unit in the mass of creditors, and counts but one with the rest.

Exception third is overruled. When the name of a creditor is stated in the petition asserting a claim by a proper averment, but omitting the amount, the claim may be amended by adding the amount, if done in good faith. It is a clerical error, which may be amended from the list of creditors or from the deposition or proof of the debt.

It is adjudged that a legal quorum is not made out by the petitioning creditors, and the petition will lie over ten days from the filing hereof, for additions.

## Case No. 1,482.

### In re BLAIR et al.

[The case reported under this title in 25 Pittsb. Leg. J. 123, contains only the certificate of the register, which will be found in Re Blair, Case No. 1,481.]

## Case No. 1,483.

### BLAIR v. ALLEN.

[3 Dill. 101.][1]

Circuit Court, E. D. Missouri. 1874.

TRIAL — ACT MARCH 3, 1865 — WAIVER OF JURY TRIAL—SPECIAL FINDING OF FACTS — MODE OF REVIEWING JUDGMENTS AT LAW OF THE DISTRICT COURT.

1. The act of March 3, 1865, (13 Stat. 501, § 4), as to waiving a jury and trying issues of fact by the court, applies exclusively to the circuit courts. Its provisions do not extend to the district courts.

[Cited in Wear v. Mayer, 6 Fed. 660; Town of Lyons v. Lyons Nat. Bank, 8 Fed. 373; Rogers v. U. S., 12 Sup. Ct. 94.]

2. The manner in which the proceedings and judgments of the district courts in actions at law must be revised and re-examined on error in the circuit court. [They cannot be so reviewed upon a writ of error where the facts are controverted, and no case is stated in the nature of a special verdict for the opinion of the district court as to the law arising thereon.]

[Cited in Wear v. Mayer, 6 Fed. 660; Town of Lyons v. Lyons Nat. Bank, 8 Fed. 373; Doty v. Jewett, 19 Fed. 338; Jackson v. U. S., 21 Fed. 36; Rogers v. U. S., 12 Sup. Ct. 94.]

3. A bank holding an indorsed note may, it seems, set off the same against the general deposit account of the maker.

[Cited in Robinson v. Wisconsin, M. & F. Ins. Co. Bank, Case No. 11,969.]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[In error to the district court of the United States for the eastern district of Missouri.]

This was an ordinary action at law by the plaintiff [Joseph H. Blair], as assignee in bankruptcy of one Husbands, under section 35 of the bankrupt act, to recover the sum of $1,600, alleged to have been paid to the defendant [Gerard B. Allen] or for his benefit by the bankrupt in violation of the provisions of that enactment. The substantial allegations of the petition were denied by the answer. In the district court the partner filed a stipulation waiving a jury and consenting to try the cause by the court.

The finding of the court as appears of record was as follows: "The court being fully advised now finds the issues joined herein for the defendant, and orders that judgment in accordance with such finding be now entered herein. It is therefore considered," &c. (here follows an ordinary judgment for the defendant).

Afterwards a bill of exceptions was filed, which, after setting out all the evidence, contains the following stipulations: "It is hereby stipulated by the parties that the opinion of the court, Treat, J., may be read in the circuit court on the hearing of this writ of error to show the finding of facts by the court and its rulings thereon" (which stipulation is signed by the parties). "Thereupon" continues the bill of exceptions, "the court took the case under advisement, and on the 3d day of March, 1874, found for the defendant and gave judgment accordingly, to which the plaintiff then and there duly excepted." This is all of the bill of exceptions. The parties have filed in this court as part of the record what they agree to be a copy of the opinion of Treat, J., which is as follows:

"The defendant was accommodation indorser of the bankrupt on a note discounted and held by the Mercantile Bank prior to and after the bankruptcy. On the day the note matured the maker informed the indorser that he (the maker) would be unable to pay the whole of the note, but could pay part, and in a short time from collections would pay the balance. He promised out of his funds on deposit with the bank to pay $1,000 on the note that day. The indorser said he would see the officers of the bank and arrange the matter. He did so, waiving notice and protest. The maker went to the bank the same day and paid, by check on his deposit, not $1,000 as agreed, but $800, which payment was indorsed on the note.

"Subsequently the indorser inquired at the bank if the balance due on the note had been paid, and was informed that only the $800 had been paid. He then inquired what amount the maker had on deposit, and was informed about $1,100. Thereupon he went to the maker and insisted that out of the amount the latter had on deposit he should apply a further sum toward the payment of the note. The maker said he had been